**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Eddie Willie Taylor, Jr., | No. CV-09-2393-PHX-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| The United States; the U.S. Internal Revenue Service; the U.S. Department of Education; the Department of the Treasury; Consumer Credit Bureaus; Kroll Factual Data Bureau; CB Cinnovis; Equifax Credit Information Service; Experian; Trans Union LLC; Landsafe Credit Inc.; Lamson Junior College; Arizona Education Loan Marketing Corporation; and Southwest Student Services Corporation, | |
| Defendants. | |

Plaintiff filed a pro se complaint against Defendants and their respective employees in state court on October 8, 2009. Dkt. #1-1 at 5-37. Plaintiff claims to be a victim of identity theft. He alleges that an unknown person used his social security number to take out a federally guaranteed student loan in or around 1990. He further alleges that the perpetrator defaulted on the loan and that from 1990 through 2008, the federal government has seized his income tax refunds, tax rebates, and social security payments. *Id.* at 8-9. The action was removed to this Court on November 16, 2009. Dkt. #1.

Defendants Trans Union LLC, Kroll Factual Data, Inc., and Landsafe Credit Inc. have filed motions to dismiss the complaint for failure to state a claim for relief. Dkt. ##15, 35,

42. Defendant Experian Information Solutions, Inc. and CBC Innovis have joined the motions. Dkt. ##13, 14. The motions are fully briefed. No party has requested oral argument. For reasons that follow, the Court will grant the motions and dismiss the complaint without prejudice.

**I.     The Motions to Dismiss.**

To avoid a dismissal, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully," demanding instead sufficient factual allegations to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* at 1950 (citing Fed. R. Civ. P. 8(a)(2)).

Plaintiff's complaint must be dismissed because it does not satisfy the pleading requirements set forth in *Twombly* and *Iqbal*. The complaint references numerous state and federal statutes, asserts violations of a host of constitutional rights, and identifies various state law theories of liability, but does not include any individual counts or separate claims for relief. Nor does the complaint give each specific Defendant fair notice of which claims are asserted against it and the basis for those claims. Instead, Plaintiff lumps Defendants (and their employees) together in undefined assertions of liability. Plaintiff's allegations "are insufficient in that they are ascribed to defendants collectively rather than to individual defendants." *Arikat v. JP Morgan Chase & Co.*, 430 F. Supp. 2d 1013, 1020 (N.D. Cal. 2006).

Because no Defendant has filed a responsive pleading, Plaintiff may file an amended complaint as a matter of course. *See* Fed. R. Civ. P. 15(a)(1)(A); *Nolan v. Fitzharris*, 450 F.2d 958, 958 (9th Cir. 1971) (a motion to dismiss is not a "responsive pleading" within the meaning of Rule 15). Plaintiff shall have until March 19, 2010 to file an amended complaint.

## II. Plaintiff's Obligations.

Plaintiff must become familiar with, and follow, the Federal Rules of Civil Procedure and the Rules of the United States District Court for the District of Arizona ("Local Rules"). *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986) ("Pro se litigants must follow the same rules of procedure that govern other litigants."); *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986) (pro se litigants "should not be treated more favorably than parties with attorneys of record"); *Carter v. Comm'r of Internal Revenue*, 784 F.2d 1006, 1008 (9th Cir. 1986) ("Although pro se, [plaintiff] is expected to abide by the rules of the court in which he litigates."). The Federal Rules of Civil Procedure are available at the following Internet website: http://www.law.cornell.edu/rules/frcp/. A copy of the Court's Local Rules of Civil Procedure may be obtained from the Clerk's Office.

For purposes of the amended complaint, Plaintiff is directed to Rule 8 of the Federal Rules of Civil Procedure. Rule 8(a) provides that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(a). These pleading requirements shall be set forth in separate and discrete paragraphs. The paragraphs must be numbered in consecutive order. Each paragraph must be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

Plaintiff is advised that vague references to violations of statutory and constitutional rights are insufficient to satisfy the pleading requirements of Rule 8. The amended complaint must give *each individual Defendant* "fair notice of what [Plaintiff's] claim is and the grounds upon which it is based." *Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir. 2005). This includes some factual basis for the claim and the specific legal theory supporting the claim. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949.

Plaintiff is further advised that he is responsible for having the summons and complaint properly served on each Defendant within the time allowed by Rule 4(m) of the

Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 4(c)(1). If Plaintiff fails to prosecute this action, or if he fails to comply with the rules or any Court order, the Court may dismiss the action with prejudice pursuant to Rule 41(b) of the Federal Rule of Civil Procedure. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir.1992); *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

## III. Removal Jurisdiction.

Pursuant to 28 U.S.C. § 1331, district courts have original jurisdiction over cases involving a federal question, that is, cases "arising under the Constitution, laws, or treaties of the United States." The case was removed to this Court on the basis of federal question jurisdiction. Dkt. #1. Plaintiff requests that the Court "strike" the notice of removal and remand the case to state court. *See* Dkt. #28 at 1-2. That request will be denied.

The complaint, among other things, alleges that Defendants have violated Plaintiff's rights under the United States Constitution (Dkt. #1-1 at 11), have violated the federal civil RICO statute (*id.* at 19), and have willfully failed to comply with the Fair Credit Reporting Act (*id.* at 31). The Court finds that federal question jurisdiction existed at the time of removal.

## IV. Service of Process.

Defendant Kroll Factual Data, Inc. has sought dismissal on the ground of improper service. Dkt. #35 at 3-6. Defendant asserts that Plaintiff has served the wrong party: Kroll Factual Data Bureau instead of Kroll Factual Data, Inc., a Colorado corporation. *Id.* The Court will deny Defendant's motion to dismiss for improper service without prejudice. If Plaintiff files an amended complaint naming Kroll Factual Data, Inc. as a defendant, and if Defendant believes that Plaintiff has yet to effect proper service of process, Defendant may file a renewed motion to dismiss.

## V. Plaintiff's Motions to Strike.

Plaintiff's motions to strike (Dkt. ##29, 43, 44) are nothing more than responses to the motions to dismiss, and therefore will be denied. Plaintiff's attention is directed to Rule 7.2 of the Local Rules of Civil Procedure. That rule provides that a motion to strike

may be filed only if authorized by statute or rule, or if it seeks to strike any part of a filing on the ground that it is prohibited by statute, rule, or court order. LRCiv 7.2(m). If Plaintiff believes that a defense motion should be denied, he shall file a response explaining why; Plaintiff shall not move to "strike" every motion filed by a Defendant.

**VI. Plaintiff's Other Motions.**

Plaintiff asserts that Defendant Landsafe Credit Inc. is in default, and he has filed alternative motions for laches, for summary judgment, or for judgment on the pleadings. Dkt. #44. The Clerk has not entered Defendant's default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. The Court will deny Plaintiff's motions.

**IT IS ORDERED:**

1. The motions to dismiss for failure to state a claim for relief (Dkt. ##15, 35, 42) are **granted**. The alternative motions for more definite statement are **denied** as moot.
2. The complaint (Dkt. #1-1 at 5-37) is **dismissed** without prejudice.
3. Plaintiff shall have until **March 19, 2010** to file an amended complaint.
4. Defendant Kroll Factual Data, Inc.'s motion to dismiss for failure to name proper party and for improper service (Dkt. #35) is **denied** without prejudice.
5. Plaintiff's motions to strike (Dkt. ##29, 43, 44) are **denied**.
6. Plaintiff's motions for laches, for summary judgment, and for judgment on the pleadings (Dkt. #44) are **denied**.

DATED this 25th day of February, 2010.

_/s/ David G. Campbell_
David G. Campbell
United States District Judge