**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Eddie Willie Taylor, Jr., | No. CV-09-2393-PHX-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| The United States; the U.S. Internal Revenue Service; the U.S. Department of Education; the Department of the Treasury; Kroll Factual Data Bureau; Experian Information Solutions, Inc.; Equifax Credit Information Services, Inc.; Trans Union LLC; Landsafe Credit Inc.; Lamson Junior College; Arizona Education Loan Marketing Corporation; and Southwest Student Services Corporation, | |
| Defendants. | |

Plaintiff filed an amended complaint on April 16, 2010. Doc. 51. Motions to dismiss with prejudice have been filed by Defendants Trans Union LLC (Doc. 52), Landsafe Credit Inc. (Doc. 55), and Kroll Factual Data Inc. (Doc. 57). Plaintiff failed to file responses within the time period provided in the civil rules of procedure, and on June 14, 2010, the Court ordered Plaintiff to file responses to the motions no later than July 2, 2010. Doc. 67. Plaintiff failed to file responses by July 2, 2010.[1]

---

[1] Plaintiff initially claimed not to have received copies of the motions even though they were shown to have been mailed to him. Doc. 67. As a result, the Court directed the clerk to mail copies of the motion to Plaintiff. The Court's records show that the motions were mailed to Plaintiff by the Clerk on June 14, 2010.

The Court advised Plaintiff that even though he is proceeding pro se, he is still required to follow the Federal Rules of Civil Procedure and the Court's Local Rules of Civil Procedure. Doc. 67 at 2. The Court explicitly warned Plaintiff that if he did not file responses to the motions by the July 2, 2010 deadline, the Court would summarily grant the motions pursuant to Local Rule 7.2(i). *Id.* Plaintiff was further warned that if he failed to prosecute this action, or if he failed to comply with the rules or any Court order, the Court may dismiss the action with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. *Id.* (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir.1992); *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995)).

Because Plaintiff has failed to file responses to the motions, the Court will grant them summarily (Doc. 52, 55, 57). The claims against Defendants Trans Union LLC, Landsafe Credit Inc., and Kroll Factual Data Inc. are dismissed with prejudice.

The Court will also dismiss the claims against these Defendants with prejudice under Rule 41(b). Before dismissing claims for failure to prosecute or failure to comply with the rules or an order, the Court must weigh five factors: (1) the public's interest in expeditious resolution of litigation, (2) the Court's need to manage its docket, (3) the risk of prejudice to the defendants, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions. *See Ghazali*, 46 F.3d at 53 (citing *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

The first two factors favor dismissal. Plaintiff filed this suit more than nine months ago. Doc. 1-1 at 5-34. He was served with the motions to dismiss no later than mid-June. Doc. 67. He has been provided with sufficient time to respond to the motions, but has failed to do so. Because the Court and the public have a strong interest in judicial efficiency and the prompt resolution of litigation, Plaintiff's failure to prosecute this action weighs in favor of dismissal. The third factor – risk of prejudice to Defendants – also weighs in favor of dismissal. Defendants forced to incur expenses and defend themselves in court are prejudiced by a plaintiff's failure to respond to motions or to prosecute the case in a timely and efficient manner. The fourth factor, as always, weighs against dismissal. As for the fifth

factor, the Court notes that it warned Plaintiff that his claims would be dismissed if he did not respond to the motions. Plaintiff nonetheless chose to disregard the motions and the Court's orders. Given this warning, and the fact that additional extensions of time would likely elicit the same lack of response, the Court concludes that dismissal is warranted.

**IT IS ORDERED:**

1. Defendant Trans Union LLC's motion to dismiss with prejudice (Doc. 52) is **granted**.
2. Defendant Landsafe Credit Inc.'s motion to dismiss with prejudice (Doc. 55) is **granted**.
3. Defendant Kroll Factual Data Inc.'s motion to dismiss with prejudice (Doc. 57) is **granted**.

DATED this 16th day of July, 2010.

_____
David G. Campbell
United States District Judge