**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Eddie Willie Taylor, Jr., | No. CV-09-2393-PHX-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| The United States; the U.S. Internal Revenue Service; the U.S. Department of Education; the Department of the Treasury; Kroll Factual Data Bureau; Experian Information Solutions, Inc.; Equifax Credit Information Services, Inc.; Trans Union LLC; Landsafe Credit Inc.; Lamson Junior College; Arizona Education Loan Marketing Corporation; and Southwest Student Services Corporation, | |
| Defendants. | |

In an order dated July 16, 2010, the Court granted motions to dismiss filed by Defendants Trans Union LLC, Landsafe Credit Inc., and Kroll Factual Data, Inc. Doc. 73. Plaintiff has filed an ex parte motion to vacate and set aside that order. Doc. 75. The motion will be denied.[1]

The motions to dismiss were filed in late April and early May, 2010. Docs. 52, 55, 57. The Court sua sponte gave Plaintiff until June 11, 2010 to file responses. Doc. 64.

---

[1] Plaintiff does not explain, and it is not otherwise clear to the Court, why he filed his motion ex parte. His request for an ex parte hearing will be denied because oral argument will not aid the Court's decision. *See* Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

1  Shortly before that deadline, Plaintiff filed a document asserting that he had not received
2  copies of the motions even though they were shown to have been mailed to him. Doc. 65.
3  In the interest of justice, the Court directed the Clerk to mail copies of the motions to
4  Plaintiff and gave him until July 2, 2010 to file responses. Doc. 67. The Court's records
5  show that the motions were mailed to Plaintiff by the Clerk on June 14, 2010. Plaintiff failed
6  to meet the July 2 deadline. In its order of July 16, 2010, the Court granted the motions to
7  dismiss summarily pursuant to Local Rule 7.2(i), and dismissed the claims against the
8  moving Defendants with prejudice for Plaintiff's failure to prosecute his claims and comply
9  with the rules and the Court's orders. Doc. 73.

Plaintiff asserts that the order of dismissal is unconstitutional, discriminatory, and an abuse of discretion. Doc. 75 at 1-2. He claims that copies of the motions to dismiss "did not arrive at [his] address and [were] not received by [him] making it impossible to respond by July 2nd, 2010." *Id.* a 3. He does not explain, however, why he received the order of dismissal and other documents mailed by the Clerk to his address of record but did not receive the motions to dismiss. Nor does he present any evidence or argument in support of his assertion that "[t]he defendants themselves and the clerk made it impossible for [him] to respond to defendants' motions by July 2nd, 2010." *Id.* at 4.

Motions for reconsideration are disfavored and should not be granted "absent highly unusual circumstances[.]" *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). A motion for reconsideration will be denied "absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to [the Court's] attention earlier with reasonable diligence." LRCiv 7.2(g)(1); *see Carroll*, 342 F.3d at 945. Plaintiff has made no such showing.

**IT IS THEREFORE ORDERED** that Plaintiff's ex parte motion to vacate and set aside order of dismissal (Doc. 75) is **denied**.

DATED this 25th day of August, 2010.

_____
David G. Campbell
United States District Judge