**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Eddie Willie Taylor, Jr., | No. CV-09-2393-PHX-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| The United States; the U.S. Internal Revenue Service; the U.S. Department of Education; the Department of the Treasury; Kroll Factual Data Bureau; Experian Information Solutions, Inc.; Equifax Credit Information Services, Inc.; Trans Union LLC; Landsafe Credit Inc.; Lamson Junior College; Arizona Education Loan Marketing Corporation; and Southwest Student Services Corporation, | |
| Defendants. | |

Plaintiff has filed a motion for summary judgment or default judgment against three United States agencies: the Internal Revenue Service, the Department of Education, and the Department of the Treasury (the "U.S. agencies"). Doc. 96. The motion will be denied.

With respect to the request for summary judgment, the motion is premature and fails to comply with Local Rule 56.1. Moreover, Plaintiff has not met his summary judgment burden under Rule 56 of the Federal Rules of Civil Procedure, that is, he has not "identif[ied] those portions of [the record] which [he] believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

The request for default judgment is premature because the U.S. agencies' default has not been entered under Rule 55(a). Plaintiff has filed an application for entry of default (Doc. 92), but has not shown that service has been made on the United States Attorney for the District of Arizona as required by Rule 4(i)(1)(A). *See* Doc. 93-1. The application for entry of default and motion for default judgment will be denied.

Plaintiff filed his amended complaint on April 16, 2010. Doc. 51. It does not appear from the record that he has served process on the United States and its agencies within the 120-day period of Rule 4(m). That rule provides that the court "must extend the time for service" upon a showing of "good cause." Fed. R. Civ. P. 4(m). But "even without a showing of good cause, a district court may utilize its 'broad' discretion to extend the time for service." *United States v. 2,164 Watches*, 366 F.3d 767, 772 (9th Cir. 2004) (quoting *In re Sheehan*, 253 F.3d 507, 513 (9th Cir. 2001)); *see* Fed. R. Civ. P. 4 advisory comm. note, 1993 am. (Rule 4 "authorizes the court to relieve a plaintiff of the consequences of an application of [subdivision (m)] even if there is no good cause shown").

Given that Plaintiff is proceeding pro se, and because he has attempted to effect service on the United States and its agencies, the Court will exercise its discretion to extend the period for service of process on those defendants to **January 31, 2011**. *See Mann v. Am. Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2003) ("Rule 4(m) explicitly permits a district court to grant an extension of time to serve the complaint *after* [the] 120-day period."). Plaintiff is directed to Rule 4(i) of the Federal Rules of Civil Procedure for the requirements of service of process on the United States and its agencies. The Federal Rules of Civil Procedure are available at the following Internet website: www.law.cornell.edu/rules/frcp/.

**IT IS ORDERED:**

1. Plaintiff's application for entry of default (Doc. 92) is **denied**.

2. Plaintiff's motion for summary judgment or default judgment (Doc. 96) is **denied**.

3. The time period under Rule 4(m) for service of process on the United States and its agencies is extended to **January 21, 2011**. **Plaintiff is advised that the Court will not extend this deadline absent a showing of good cause.**

DATED this 22nd day of December, 2010.

_____
David G. Campbell
United States District Judge