1   **WO**

2

3

4

5

6                 **IN THE UNITED STATES DISTRICT COURT**

7                   **FOR THE DISTRICT OF ARIZONA**

8   Eddie Willie Taylor, Jr.,                    No. CV-09-2393-PHX-DGC

9                      Plaintiff,                 **ORDER**

10  vs.

11  The United States; the U.S. Internal
    Revenue Service; the U.S. Department of
12  Education; the Department of the Treasury;
    Lamson Junior College; Arizona Education
13  Loan Marketing Corporation; and
    Southwest Student Services Corporation,
14  and their individual employees, et al.,

15                     Defendants.

16

17          Plaintiff claims to be a victim of identity theft.  He alleges that an unknown person

18  used his social security number to take out a federally guaranteed student loan in 1990,

19  that the perpetrator defaulted on the loan, and that from 1990 through 2008, the federal

20  government has seized his income tax refunds and social security payments to offset the

21  debt owed to the Department of Education.  In October 2009, Plaintiff filed a pro se

22  complaint against the United States, certain federal agencies, various credit reporting

23  bureaus, other entities with a connection to the student loan, and their respective

24  employees. Doc. 1-1 at 5-37.  The amended complaint pleads no specific cause of action,

25  but instead contains "allegations" numbered one through sixteen.  Doc. 51.  Liberally

26  construed, the pleading purports to assert the following claims:   identity theft,

27  defamation, fraud, conspiracy to defraud, racketeering, violations of equal protection and

28

1

2

3

due process under the Fourteenth Amendment, and violation of the Fair Credit Reporting Act. *Id.* The claims asserted against the credit bureau defendants have been dismissed. Docs. 61, 73, 101.

4

5

6

7

8

The United States, on behalf of all federal defendants, has filed a motion to dismiss pursuant to Rules 12(b)(1) and (b)(6) of the Federal Rules of Civil Procedure. Doc. 104. The motion is fully briefed. Docs. 105-108. No party has requested oral argument. For reasons stated below, the motion will be granted to the extent the United States argues lack of jurisdiction.

9

**I.      Rule 12(b)(1) Standard.**

10

11

12

13

14

15

16

17

18

19

20

21

22

23

Federal courts are courts of limited jurisdiction, "possess[ing] only that power authorized by Constitution and statute[.]" *Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375, 377 (1994). Once jurisdiction is challenged in a Rule 12(b)(1) motion, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction[.]" *Id.* (citations omitted); *see Kingman Reef Atoll Invs., L.L.C. v. United States*, 541 F.3d 1189, 1197 (9th Cir. 2008). To establish jurisdiction over the claims brought against the United States and its agencies and employees, Plaintiff must demonstrate both "statutory authority granting subject matter jurisdiction over the claims" and "a waiver of sovereign immunity." *E.J. Friedman Co. v. United States*, 6 F.3d 1355, 1357 (9th Cir. 1993) (citation omitted); *see Murray v. IRS*, 923 F. Supp. 1289, 1291 (D. Idaho 1996). Unless Plaintiff "satisfies the burden of establishing that [his] action falls within an unequivocally expressed waiver of sovereign immunity by Congress, it must be dismissed." *Dunn & Black, P.S. v. United States*, 492 F.3d 1084, 1088 (9th Cir. 2007).

24

**II.     Discussion.**

25

26

27

The Court has read the amended complaint and the parties' briefs. Having considered the well-plead factual allegations of the complaint, the legal arguments made in the briefs, and additional legal authority, the Court rules as follows.

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### A.     The Treasury, the IRS, and Federal Employees.

Pursuant to a provision of the Deficit Reduction Act of 1984, 26 U.S.C. § 6402(d), the Department of the Treasury ("Treasury") may reduce a person's income tax refund to offset debts owed to other federal agencies, including student loan debts owed to the Department of Education ("DOE").  *See Oatman v. Dep't of Treasury-IRS*, 34 F.3d 787, 788 (9th Cir. 1994); *Glover v. Brady*, No. 92 Civ. 7686 (CSH), 1994 WL 509918, at *3 (S.D.N.Y. Sept. 16, 1994); *Roberts v. Bennett*, 709 F. Supp. 222, 225 (N.D. Ga. 1989). The United States argues, correctly, that 26 U.S.C. § 6402(g) deprives the Court of jurisdiction over Plaintiff's claims against the Treasury and the Internal Revenue Service ("IRS") challenging the interception of his income tax refunds.  Doc. 104 at 6-8; *see Oatman*, 34 F.3d at 788 ("Federal courts have no jurisdiction over any action brought against the Treasury to review [a § 6402] reduction."); *Bianco v. IRS*, No. 93 CIV. 3953 (LBS), 1994 WL 538020, at *2 (S.D.N.Y. Oct. 3, 1994) (taxpayers "who object to the setoff of their tax overpayments may sue only the agency that requested the setoff, not the IRS").[1]

With respect to Plaintiff's other claims, the Treasury and the IRS are not entities subject to suit and the United States is properly substituted in their place.  *See Hawpe v. United States*, No. MC-10-8044-PCT-FJM, 2011 WL 814969, at *1 n.1 (D. Ariz. Mar. 4, 2011); *Clark v. United States*, No. CV F 10-0426 LJO SMS, 2010 WL 1660110, at *3 (E.D. Cal. Apr. 22, 2010); *Krouse v. U.S. Gov't Treasury Dep't I.R.S.*, 380 F. Supp. 219, 221 (C.D. Cal. 1974) (citing *Blackmar v. Guerre*, 342 U.S. 512 (1952)).  Similarly, the claims asserted against the individual federal employees are properly deemed an action against the United States as they implicate only the employees' official duties.  *See Hawpe*, 2011 WL 814969, at *1 n.1; *Clark*, 2010 WL 1660110, at *2; *Ellis v. Comm'r of*

---

[1] Section 6402(g) does not divest the Court of jurisdiction over claims asserted against the DOE given that the DOE "is the federal agency to whom the reduction of [Plaintiff's] tax overpayment was paid."  *United States v. Hunter*, No. CV-01-1925 (CPS), 2007 WL 2122052, at *2 (E.D.N.Y. July 23, 2007); *see Thomas v. Bennett*, 856 F.2d 1165, 1167 (8th Cir. 1988).

1
2
3

*Internal Revenue*, No. 10cv2251-IEG(BGS), 2011 WL 1085648, at \*1 (S.D. Cal. Mar. 22, 2011) (citing *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985)).  The claims brought against the Treasury, the IRS, and the federal employees will be dismissed.

4

### B.     The United States.

5
6
7
8
9
10
11

It is axiomatic that, as sovereign, the United States "'may not be sued without its consent and . . . the existence of consent is a prerequisite for jurisdiction.'"  *DaGrossa*, 756 F.2d at 1458 (quoting *United States v. Mitchell*, 463 U.S. 206, 212 (1983)).  As explained above, "[a] party bringing a cause of action against the federal government bears the burden of showing an unequivocal waiver of immunity."  *Clark*, 2010 WL 1660110, at \*3 (citing *Holloman v. Watt*, 708 F.2d 1399, 1401 (9th Cir. 1983)).  Plaintiff has not met this burden.

12
13
14
15
16
17
18
19
20
21
22
23

Plaintiff cites 28 U.S.C. 2410 as providing an express waiver of sovereign immunity.  Docs. 51 at 2, 105 at 4, 17.  Pursuant to that statute, the United States has waived its sovereign immunity and consented to be sued in civil actions "(1) to quiet title to, (2) to foreclose a mortgage or other lien upon, (3) to partition, (4) to condemn, or (5) of interpleader or in the nature of interpleader with respect to, real or personal property on which the United States has or claims a mortgage or other lien."  28 U.S.C. § 2410(a).  "Congress expressly limited waiver of sovereign immunity under § 2410 to actions where the United States 'has or claims a mortgage or other lien.'"  *Dunn & Black*, 492 F.3d at 1092.  "'Congress in § 2410 did not consent to suits against the United States where the United States claims a title interest as distinguished from a lien interest,' or where the monies 'have already come into the hands of the [United States].'"  *Id.* (citations omitted).

24
25
26
27

The amended complaint alleges no lien, mortgage or otherwise, against any property, but instead challenges the IRS and the Treasury's remission of certain income tax refunds and social security payments to the DOE as a setoff against the outstanding student loan debt.  Because the United States clearly "claims a title interest rather than a

28

1
2
3
4
5
6
7
8
9

lien interest" to monies remitted to the DOE, any claims asserted under § 2410 are "jurisdictionally barred." *Hughes v. United States*, 953 F.2d 531, 538 (9th Cir. 1992); *see Dunn & Black*, 492 F.3d at 1092 (no waiver of sovereign immunity under § 2410 where the government never claimed a lien or mortgage interest in a money judgment but instead "exercised its right of setoff against that judgment and therefore claimed title in the proceeds that had come to rest in the hands of the IRS"); *Urias v. United States*, No. 99-CV-0658 H JAH, 1999 WL 907522, at *3 (S.D. Cal. Sept. 2, 1999) (finding no waiver of sovereign immunity under § 2410 "as to plaintiff's claims regarding social security benefits that have already been seized").

10
11
12
13
14
15

Plaintiff further asserts (Doc. 105 at 10-11) a waiver of sovereign immunity under 28 U.S.C. § 1346(a)(1), "which allows civil actions against the United States for the recovery of erroneously or illegally assessed taxes." *Thurber v. Agents for the IRS*, No. CV-09-8230-PHX-GMS, 2010 WL 2991593, at *2 (D. Ariz. July 26, 2010). The amended complaint alleges no improper tax assessment, nor does Plaintiff seek to recover taxes on the ground that they were not owed.

16
17
18
19
20
21
22
23
24
25
26

Moreover, an express condition of the waiver of sovereign immunity provided in § 1346(a)(1) is the requirement, under 26 U.S.C. § 7422(a), that the plaintiff "first file an administrative claim for refund or credit with the Secretary of the Treasury before bringing suit to challenge the [tax assessment]." *Moore-Backman v. United States*, No. CV 09-397-TUC-RCC (BPV), 2010 WL 3342173, at *4 (D. Ariz. June 8, 2010). The Secretary "has no power to waive [this] statutorily-imposed exhaustion requirement, which is an inseverable condition on Congress's waiver of sovereign immunity under § 1346(a)(1)." *Dunn & Black*, 492 F.3d at 1091. If the plaintiff "neglects to file an administrative claim as required by § 7422(a), [he] has failed to satisfy a necessary condition of the waiver of sovereign immunity under § 1346(a)(1), and . . . the district court is necessarily divested of jurisdiction over the action." *Id.* at 1089.

27
28

The amended complaint contains no allegation that Plaintiff filed an administrative

1
2
3
4
5
6
7
8
9
10
11
12
13
14

claim before bringing suit. Plaintiff asserts in his response that he filed an administrative claim with the IRS and DOE in 2005 (Doc. 105 at 16-17), but the cited evidence, a letter from DOE regarding information provided to credit bureaus (*id.* at 27), contains no mention of an administrative claim. *See United States v. Vacante*, 717 F. Supp. 2d 992, 1020 (E.D. Cal. 2010 (noting that even "a large volume of correspondence does not equate to exhaustion of remedies"). Plaintiff has failed to establish a waiver of sovereign immunity by the United States under § 1346(a)(1). *See Dunn & Black*, 492 F.3d at 1089 (the plaintiff was barred from relying on § 1346(a)(1) as a basis for waiver of sovereign immunity where the record did not show that it had "satisfied § 7422(a)'s statutory requirements by filing an administrative claim with the IRS"); *Moore-Backman*, 2010 WL 3342173, at *4 (failure to exhaust precluded suit challenging the IRS's deductions from 2007 tax refund to offset tax liabilities for prior years); *Clark*, 2010 WL 1660110, at *4-5 (finding no waiver of sovereign immunity under § 1346(a)(1) where the plaintiff failed to allege that he filed an administrative claim).

15
16
17
18
19
20
21
22
23

Plaintiff claims that sovereign immunity has been waived under the Federal Tort Claims Act ("FTCA"), but erroneously cites 42 U.S.C. § 1983 as the applicable statute. Doc. 105 at 15. Section 1983 provides a private right of action for any person deprived of his constitutional rights, but only where the deprivation is caused by state actors, that is, "persons acting under color of state law." *Ibrahim v. DHS*, 538 F.3d 1250, 1257 (9th Cir. 2008). In this case, no § 1983 liability lies because "the federal defendants acted pursuant to federal laws." *Id.*; *see Thurber*, 2010 WL 2991593, at *3 (finding § 1983 unhelpful to claims arising out of tax liens imposed by the IRS "because this statute does not apply to acts of the federal government").[2]

24
25
26
27
28

_____

[2] It is worth noting that "no *Bivens*-like cause of action is available against federal agencies or federal agents sued in their official capacities." *Ibrahim*, 538 F.3d at 1257; *see also Adams v. Johnson*, 355 F.3d 1179, 1186 (9th Cir. 2004) ("Because the Internal Revenue Code gives taxpayers meaningful protections against government transgressions in tax assessment and collection, we hold that *Bivens* relief is unavailable for a suit against IRS auditors and officials.").

1          The FTCA, 28 U.S.C. §§ 1346(b), 2674, waives the United States' sovereign

2   immunity for certain torts committed by federal employees, but only where the plaintiff

3   "first exhausts his administrative remedies." *Ibrahim*, 538 F.3d at 1258 (citing 28 U.S.C.

4   § 2675(a); *McNeil v. United States*, 508 U.S. 106, 113 (1993)). Plaintiff has not shown

5   that prior to bringing suit he "first presented the claim to the appropriate Federal agency

6   and his claim [was] finally denied by the agency in writing[.]" 28 U.S.C. § 2675(a).

7   Moreover, Plaintiff's defamation and fraud-based claims are barred given that the

8   FTCA's limited waiver of sovereign immunity does not extend to any claim arising out of

9   "libel, slander, misrepresentation, [or] deceit[.]" 28 U.S.C. § 2680(h).

10          Section 7433 of the Internal Revenue Code allows a taxpayer to bring a civil

11   action against the United States to recover damages caused by misconduct on the part of

12   IRS employees. 26 U.S.C. § 7433(a). "To show such a waiver of sovereign immunity, a

13   taxpayer 'must have exhausted the administrative remedies available to such plaintiff

14   within the [IRS]." *Clark*, 2010 WL 1660110, at *6 (quoting 26 U.S.C. § 7433(d)(1)).

15   There has been no waiver of sovereign immunity under § 7433, the United States argues,

16   because Plaintiff has not shown he exhausted his administrative remedies before filing

17   suit. Doc. 104 at 11; *see* 26 C.F.R. §§ 301.7433-1(d)-(e) (setting forth exhaustion

18   requirements). The United States is correct. The Court therefore is without jurisdiction

19   under § 7433. *See Conforte v. United States*, 979 F.2d 1375, 1377 (9th Cir. 1992)

20   (affirming dismissal for lack of jurisdiction for failure to exhaust administrative remedies

21   under § 7433); *Clark*, 2010 WL 1660110, at *7 ("Clark's failure to satisfy exhaustion

22   requirements robs this Court of jurisdiction under section 7433"); *see also Allied/Royal*

23   *Parking L.P. v. United States*, 166 F.3d 1000, 1003 (9th Cir. 1999) ("[S]ection 7433's

24   limited waiver to the government's sovereign immunity must be read narrowly.").

25          Plaintiff's reliance on 28 U.S.C. § 1331 (Doc. 105 at 4) is misplaced. That statute

26   provides for original jurisdiction over cases raising federal questions, but "[i]t cannot by

27   itself be construed as constituting a waiver of the government's defense of sovereign

28

1 immunity." *DaGrossa*, 756 F.2d at 1458.  Nor has Plaintiff cited any legal authority for

2 the proposition that the removal statutes, 28 U.S.C. §§ 1441(b) and 1447(a), constitute a

3 waiver of the United States' sovereign immunity.  Doc. 105 at 4, 6.

4 The Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., provides that

5 any person who negligently or willfully fails "to comply with any requirement imposed

6 under this subchapter with respect to any consumer is liable to that consumer" for actual

7 or statutory damages.  15 U.S.C. §§ 1681n, 1681o.  Plaintiff alleges that the credit bureau

8 defendants disseminated false information about his creditworthiness and, as consumer

9 credit reporting agencies, are liable for this violation of the FCRA.  Doc. 51 at 4-10.  But

10 Plaintiff does not allege that any federal defendant is a credit reporting agency for

11 purposes of the FCRA.  *See Ralph v. U.S. Air Force MGIB*, No. 06-cv-02211-ZLW-

12 KLM, 20017 WL 3232598, at *3 (D. Colo. Oct. 31, 2007).  Nor has he shown a waiver of

13 sovereign immunity under the FCRA.  *See Kenney v. Barnhart*, No. SACV 05-426-

14 MAN, 2006 WL 2092607, at *9 (C.D. Cal. July 26, 2006) (dismissing action under Rule

15 12(b)(1) where the plaintiff failed to show that "the United States has consented to be

16 sued under any of [the FCRA] provisions"); *Gillert v. U.S. Dep't of Educ.*, No. 08-6080,

17 2010 WL 3582945, at *3-4 (W.D. Ark. Sept. 7, 2010) (dismissing suit on the ground that

18 "the FCRA does not contain an unequivocal and express waiver of sovereign immunity").

19 In summary, the Court is without jurisdiction over the claims asserted against the

20 United States because Plaintiff has shown no waiver of sovereign immunity.[3]

21 **C.   The DOE.**

22 Section 1082 of the Higher Education Act ("HEA") allows the Secretary of

23 Education to "sue and be sued" with respect to the performance of duties under

24 "this part" of the Act.  20 U.S.C. § 1082(a)(2).  This waiver of sovereign immunity is

25 limited, and expressly does not extend to injunctive relief.  Nor does it "trump the general

26

27 [3] Because federal question jurisdiction existed at the time of removal based on the
28 FCRA claims asserted against the credit bureau defendants (Doc. 1 ¶ 6), a remand to state court is not required under 28 U.S.C. § 1447(c).  *See Murray*, 923 F. Supp. at 1291.

1
2
3

rule that federal agencies cannot be sued in a damages action alleging constitutional violations." *Valentino v. U.S. Dep't of Educ.*, No. 09cv0006 JM(LSP), 2009 WL 2985686, at \*4 (S.D. Cal. Sept. 16, 2009).

4
5
6
7
8
9
10
11
12

Plaintiff, as the party with the burden to demonstrate an express waiver of sovereign immunity, fails to identify any provision of the HEA that would authorize his claims. *See id.* Stated differently, Plaintiff "has failed to address the [DOE's] sovereign immunity or to allege such a waiver." *Muse v. United States Dep't of Educ.*, No. 09cv0201, 2010 WL 892209, at \*4 (W.D. Pa. Mar. 9, 2010). Because Plaintiff has failed "to affirmatively allege facts providing this Court with jurisdiction or to assert a basis for the DOE's waiver of sovereign immunity, under Rule 12(b)(1) it is appropriate for this Court to dismiss Plaintiff's claims against the [DOE] for lack of subject matter jurisdiction." *Id.*

13
14
15
16
17
18
19
20

Moreover, Plaintiff does not dispute that any monetary judgment awarded in this action would be paid by the Treasury, not by the DOE. Doc. 104 at 9. Any claim under the HEA "necessarily fails as the waiver of sovereign immunity does not permit claims for monetary relief from the U.S. Treasury, only claims for funds under the control of the [DOE.]" *Valentino*, 2009 WL 2985686, at \*4; *see Sanon v. Dep't of Higher Educ.*, No. 06-CV-4928 (SLT)(LB), 2010 WL 1049264, at \*7 (E.D.N.Y. Mar. 18, 2010); *De La Mota v. U.S. Dep't of Educ.*, No. 02 Civ. 4276, 2003 WL 21919774 at \*4 (S.D.N.Y. Aug. 12, 2003).

21

**III.    Motion to Dismiss Summary.**

22
23
24
25
26
27

Plaintiff has failed to meet his burden of showing an unequivocally expressed waiver of the United States' sovereign immunity. Nor has he otherwise established jurisdiction over the claims brought against the United States and the federal agencies and employees. The United States' motion to dismiss will be granted under Rule 12(b)(1). Given this ruling, the motion will be denied as moot to the extent it is brought pursuant to Rule 12(b)(6). *See Sarei v. Rio Tinto, PLC*, 487 F.3d 1193, 1200 n.4 (9th Cir.

28

- 9 -

2007) (a federal court "'may not hypothesize subject-matter jurisdiction for purposes of deciding the merits'") (citation omitted).

**IV.     The Remaining Defendants.**

Plaintiff filed this suit more than nineteen months ago.  The record does not show that he has served process on Defendants Lamson Junior College, Arizona Education Loan Marketing Corporation, Southwest Student Services Corporation, and their respective employees.  Plaintiff shall have until **May 27, 2011** to show cause why his claims against those Defendants should not be dismissed.  *See* Fed. R. Civ. P. 4(m); *In re Sheehan*, 253 F.3d 507, 511-13 (9th Cir. 2001).

**IT IS ORDERED:**

1.     The United States' motion to dismiss is **granted in part** and **denied in part**.  The claims asserted against the federal Defendants (the United States, the Internal Revenue Service, the Department of Education, the Department of the Treasury, and their employees) are **dismissed** under Rule 12(b)(1) for lack of jurisdiction.  The motion is denied as moot to the extent it is brought pursuant to Rule 12(b)(6).

2.     Plaintiff shall have until **May 27, 2011** to show cause why the Court should not dismiss the claims against Defendants Lamson Junior College, Arizona Education Loan Marketing Corporation, Southwest Student Services Corporation, and their employees.  The Clerk is directed to dismiss those defendants and terminate the action without further notice if Plaintiff fails to comply with this order.

Dated this 13th day of May, 2011.

David G. Campbell
United States District Judge

- 10 -